**In re J. David MARSHALL, Debtor.**

**Kristin Smith, Plaintiff/Trustee,**

v.

**American Honda Finance Corporation, Defendant,**

v.

**J. David Marshall, Intervenor.**

Bankruptcy No. 99–42516.
Adversary No. 00–4078.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

May 21, 2001.

Becket & Lee LLP, Carol Stream, IL, Ernest Kirk, II, Denney, Pease, Allison, Kirk and Lomax, Columbus, GA, Ronald A. Levine, Atlanta, GA, John D. Schlotter, McCalla, Raymer, Padrick, Cobb, Nichols, Roswell, GA, for creditor.

William A. Edwards, Jr., Columbus, GA, for debtor.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On December 13, 2000, the court held a hearing on cross motions for summary judgment regarding Plaintiff/Trustee's ("Trustee") complaint to avoid preferential transfer and motion of American Honda Finance Corporation ("Defendant") for relief from stay. The parties filed briefs, response briefs, and Defendant filed a supplemental brief. At the conclusion of the hearing, the court took the matter under

advisement and announced that it would allow the parties to submit letter briefs discussing the Alabama law pertaining to the release of a security interest. After considering the parties' briefs as well as the applicable statutory and case law, the court will deny Trustee's motion for summary judgment, grant Defendant's motion for summary judgment, and conditionally deny Defendant's motion for relief from the stay.

### FACTS

On February 24, 1998, Debtor entered into a retail installment contract and security agreement with Defendant to purchase a 1998 Honda Accord. ("Honda"). Defendant perfected its security interest in the vehicle by applying for and receiving a certificate of title from the Alabama Department of Revenue ("DOR") reflecting AHFC as lienholder.

Sometime prior to October 1, 1999, Defendant executed a lien release on the certificate of title and mailed it to Debtor. This was an apparent error by Defendant. The parties have stipulated that at the time the lien release was signed on the title and mailed to Debtor, the debt owed to Defendant had not been satisfied. The parties have also stipulated that once Debtor received the certificate of title from Defendant, Debtor did not forward it to the DOR. Therefore, the DOR never issued a new certificate of title indicating that the lien had been released. After realizing its apparent error, Defendant applied for a replacement title which was issued by the DOR on October 1, 1999.[1]

On November 10, 1999, Debtor filed his voluntary petition under Chapter 13 of the Bankruptcy Code. In his schedules, Debtor listed Defendant as an unsecured creditor holding a $21,000.00 claim. (Doc. No. 9, Sch.F). However, on December 2, 1999, Defendant filed a proof of claim for the amount of $21,721.94 which Defendant alleged as secured. On April 24, 2000, the court confirmed Debtor's plan proposing a dividend of $16,698.00 to general, unsecured creditors.

On July 20, 2000, Trustee filed the current adversary proceeding. In her complaint, Trustee asserts that Defendant released its lien on the Honda when it mailed the certificate of title to Debtor at which time Defendant became unperfected. Accordingly, Defendant's application and receipt of the October 1, 1999 replacement certificate of title is an attempt at perfection. Because this occurred within ninety days of Debtor's filing, Trustee maintains that a preferential transfer has taken place which is subject to avoidance.

Relying on Alabama law and the language shown on the face of the replacement title, Defendant asserts that its lien was never released, thus the replacement title did not re-perfect the lien. Defendant maintains that its security interest in the Honda was, at all times, perfected because the public records with State of Alabama never reflected otherwise. Defendant also answered with a counterclaim for relief from the automatic stay. (Doc. No. 4).

### DISCUSSION

In dealing with cross motions for summary judgment in a contested matter, Federal Rule of Bankruptcy Procedure 9014 incorporates Federal Rule of Bankruptcy Procedure 7056, which in turn incorporates Federal Rule of Civil Procedure 56. Summary judgment is proper "if the pleadings, depositions, answers to in-

---

1. On its face, the certificate of title read, "This is a replacement certificate of title and may be subject to the rights of a person under the original certificate/no transfer of ownership involved...." (Claim No. 0001).

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). In their briefs, the parties agree that the material facts are not in dispute.

■ The issue before the court is whether Trustee may avoid Defendant's security interest either as a voidable preference under § 547(b) of the Code or by utilizing the "strong arm" powers set out in § 544 of the Code. At the onset, the court notes that the parties have stipulated that Defendant was originally perfected. Therefore, regardless of whether § 547(b) or § 544 is applied, the underlying issue is whether Defendant effectuated a lien release by signing a release on the certificate of title and mailing the title to Debtor who never forwarded the title to the DOR. These facts present an issue of first impression under Alabama law, and no cases on this precise point have been found.

■ Section 32–8–64(a) of the Alabama Code governs the issue of the release of a security interest in an automobile.[2] After conducting a plain reading of § 32–8–64(a), the court finds that three steps must be completed in order for a lien release to be effective: (1) execution of a release on the certificate; (2) delivery of the certificate to the next lienholder or owner; and (3) delivery of the certificate to the DOR by the next lienholder or owner. Moreover, given the beginning language of the statute, "[u]pon satisfac-

tion of the security interest . . . ," the court finds that the satisfaction of the lien is a prerequisite for a release to be valid. *See General Electric Capital Corp. v. Spring Grove Transport, Inc. (In re Spring Grove Transport, Inc.)*, 202 B.R. 862, 866 (Bankr.E.D.Va.1996)(distinguishing Ala. Code § 32–8–64(a) from Virginia law). Therefore, because the lien was not satisfied and the final step of delivery to the DOR was not completed, the court finds that Defendant did not effectively release its security interest in the Honda.

This holding is consistent with the reasoning of the only other case found interpreting this statute which is cited by the parties. *See Southtrust Bank, N.A. v. Toffel (In re Blackerby)*, 53 B.R. 649 (Bankr. N.D.Ala.1985). Decided on facts different from the present case, the court in *In re Blackerby* held that a bank did not effectively release its security interest simply by mistakenly noting a release on the certificate of title. *Id.* at 653. The court reasoned that its holding was consistent with "the purposes underlying the Alabama Uniform Certificate of Title and Antitheft Act one of which is to provide a means for interested parties to ascertain essential information concerning title to vehicles." *Id.* at 654. To this end, the court further explained that even though the face of the title reflected a release, the DOR's records reflected the existence of a valid lien. Likewise in the present case, the DOR's records reflected, at all times, a valid lien. Therefore, the court finds that AHFC did not effectuate a release of its security interest.

---

**2.** Ala.Code § 32–8–64(a) provides, in pertinent part:

Upon the satisfaction of a security interest in a vehicle for which the certificate of title is in possession of the lienholder, he shall, within 10 days after demand execute a release of his security interest, in the space provided . . . and mail or deliver the certifi-

cate and release to the next lienholder named therein, or, if none, to the owner. . . . The owner . . . shall promptly cause the certificate and release to be mailed or delivered to the department, which shall release lienholder's rights on the certificate or issue a new certificate.

The court notes that the *Blackerby* court stated that a lien is effectively released once a release has been executed on the title and mailed to the owner. *Id.* at 653–54. This determination appears to indicate that the third step, mailing to the DOR, is not required for a release. However, that determination was not necessary to that court's decision because those facts were not before that court. Furthermore, as the court in *In re Spring Grove Transport* pointed out, it was implied in the determination made by the *Blackerby* court that the lien had been satisfied. *In re Spring Grove Transport,* 202 B.R. at 866. Because Defendant's lien was not satisfied in this case, the determination made by the court in *Blackerby* is not applicable.

As to the replacement certificate of title issued on October 1, 1999, the court finds that this is not relevant. Because there was never a release of the security interest, Defendant was never unperfected. Furthermore, the mandatory language on the face of the replacement title further supports the conclusion that in the absence of an effective lien release, the title is "... subject to the rights of a person under the original certificate." Ala.Code § 32–8–43(a)(2000).

## CONCLUSION

Defendant's security interest in the Honda was perfected on the date that Debtor filed his petition. Therefore, the court finds that Trustee cannot avoid Defendant's lien under her "strong arm" powers in § 544(a)(1). Based on the facts in this case and applicable Alabama law, there was no time at which a hypothetical judgment lien creditor could have held an interest superior to that of Defendant. Moreover, because there was no transfer at all, Trustee has not met her burden of proving an avoidable transfer under § 547(g). Therefore, Trustee cannot avoid Defendant's lien under § 544(a)(1) or (2). Accordingly, the court will deny Trustee's motion for summary judgment and will grant Defendant's motion for summary judgment.

Because Debtor's Chapter 13 plan was confirmed treating Defendant as unsecured, the court will direct Debtor within 20 days to file a modification to his Chapter 13 plan to deal with the collateral of Defendant. If no such modification is timely filed, relief from the automatic stay will be granted to Defendant upon submission of an affidavit and proposed order.

An order in accordance with this Memorandum Opinion will be entered.